Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSE GONZALEZ, JOSE SARAVIA, JUAN GONZALEZ,
JUAN HIGINIO RAMIREZ and SANTOS GONZALEZ,
individually and on behalf of all others similarly situated,

                                           **COLLECTIVE ACTION
COMPLAINT**

                          Plaintiffs,              JURY TRIAL
DEMANDED

     -against-

JOHN M. LEUTHARDT LANDSCAPING, INC. and JOHN
LEUTHARDT, as an individual,

                        Defendants.
-------------------------------------------------------------------------X

Plaintiffs, **JOSE GONZALEZ, JOSE SARAVIA, JUAN GONZALEZ, JUAN HIGINIO
RAMIREZ and SANTOS GONZALEZ,** individually and on behalf of all others similarly
situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton &
Associates, P.C., allege, upon personal knowledge as to themselves and upon information and
belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, **JOSE GONZALEZ, JOSE SARAVIA, JUAN GONZALEZ, JUAN
   HIGINIO RAMIREZ and SANTOS GONZALEZ,** through undersigned counsel,
   brings this action against **JOHN M. LEUTHARDT LANDSCAPING, INC. and
   JOHN LEUTHARDT, as an individual** (hereinafter referred to as "Defendants"), to
   recover damages for egregious violations of federal and state overtime wage and
   minimum wage laws arising out of Plaintiffs' employment at JOHN M.
   LEUTHARDT LANDSCAPING, INC., located at 607 Montauk Highway, East
   Moriches, New York 11940.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff, JOSE GONZALEZ, residing at 251 Bayview Drive Mastic Beach, New York 11951, was employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC., located at 607 Montauk Highway, East Moriches, New York 11940 from in or around March 2004 until in or around July 2018.

8. Plaintiff, JOSE SARAVIA, residing at 145 Moriches Avenue Mastic, New York 11950, has been employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC., located at 607 Montauk Highway, East Moriches, New York 11940 from in or around April 2011 until in or around August 2017.

9. Plaintiff, JUAN GONZALEZ, residing at 47 Strafford Street Mastic, New York 11960, was employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC., located at 607 Montauk Highway, East Moriches, New York 11940 from in or around March 2004 until the present.

10. Plaintiff, JUAN HIGINIO RAMIREZ, residing at 41 Broadway Mastic, new York 11950, has been employed by Defendants at JOHN M. LEUTHARDT

LANDSCAPING, INC., located at 607 Montauk Highway, East Moriches, New York 11940 from in or around March 2001 until in or around November 2019.

11. Plaintiff, SANTOS GONZALEZ, residing at PO Box 121 Moriches, New York 11955, was employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC., located at 607 Montauk Highway, East Moriches, New York 11940 from in or around July 2004 until the present.

12. Upon information and belief, Defendant, JOHN M. LEUTHARDT LANDSCAPING, INC., is a corporation organized under the laws of New York with a principal executive office at 53-19 46th Street, Maspeth, New York 11378.

13. Upon information and belief, Defendant, JOHN M. LEUTHARDT LANDSCAPING, INC., is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant JOHN M. LEUTHARDT owns and/or operates JOHN M. LEUTHARDT LANDSCAPING, INC.

15. Upon information and belief, Defendant JOHN M. LEUTHARDT manages WE ARE JOHN M. LEUTHARDT LANDSCAPING, INC.

16. Upon information and belief, Defendant JOHN M. LEUTHARDT is the Chairman of the Board of JOHN M. LEUTHARDT LANDSCAPING, INC.

17. Upon information and belief, Defendant JOHN M. LEUTHARDT is the Chief Executive Officer of JOHN M. LEUTHARDT LANDSCAPING, INC.

18. Upon information and belief, Defendant JOHN M. LEUTHARDT is an agent of JOHN M. LEUTHARDT LANDSCAPING, INC.

19. Upon information and belief, Defendant JOHN M. LEUTHARDT has power over personnel decisions at JOHN M. LEUTHARDT LANDSCAPING, INC.

20. Upon information and belief, Defendant JOHN M. LEUTHARDT has power over payroll decisions at JOHN M. LEUTHARDT LANDSCAPING, INC.

21. Defendant JOHN M. LEUTHARDT has the power to hire and fire employees at JOHN M. LEUTHARDT LANDSCAPING, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

22. During all relevant times herein, Defendant JOHN M. LEUTHARDT was Plaintiffs' employer within the meaning of the FLSA and NYLL.

23. Upon information and belief, JOHN M. LEUTHARDT LANDSCAPING, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

24. Plaintiffs were or are employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC., located at 607 Montauk Highway, East Moriches, New York 11940 as landscapers, snow removers and nursery workers.

25. Plaintiffs worked approximately 78 (seventy-two) to 84 (eighty-four) hours per week during the "summer" months which would generally run from March to November each year.

26. Plaintiffs would have their hours reduced during the winter months by a couple of hours each day.

27. Plaintiffs would on average work approximately 12 (twelve) to 14 (fourteen) hours per day during the summer months, however, Plaintiffs would, on average, work approximately 8 (eight) to 10 (ten) hours per day during the winter months.

28. Plaintiff, JOSE GONZALEZ was employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC. from in or around March 2004 until in or around July 2018.

29. Plaintiff JOSE GONZALEZ was employed by Defendants as a landscaper, while performing other miscellaneous tasks, from in or around March 2004 until in or around July 2018.

30. Plaintiff JOSE GONZALEZ worked approximately 78 (seventy-four) hours or more per week for Defendants from in or around June 2014 until in or around July 2018.

31. Plaintiff JOSE GONZALEZ was compensated by Defendants approximately $16.00 per hour from in or around June 2014 until in or around December 2016,

approximately $24.00 per hour in or around 2017, and approximately $25.00 per hour from in or around January 2018 until in or around July 2018.

32. Although Plaintiff JOSE GONZALEZ worked approximately 78 (seventy-eight) or more hours per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

33. Plaintiff, JOSE SARAVIA, has been employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC. from in or around April 2011 until in or around August 2017.

34. Plaintiff JOSE SARAVIA was employed by Defendants as a landscaper, while performing other miscellaneous tasks, from in or around April 2011 until in or around August 2017.

35. Plaintiff JOSE SARAVIA worked approximately 78 (seventy-eight) hours per week for Defendants from in or around June 2014 until in or around August 2017.

36. Plaintiff JOSE SARAVIA was paid by Defendants approximately $23.00 per hour from in or around June 2014 until in or around August 2017.

37. Although Plaintiff JOSE SARAVIA worked approximately 78 (seventy-eight) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

38. Plaintiff JUAN GONZALEZ was employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC. from in or around March 2004 until the present.

39. Plaintiff JUAN GONZALEZ was employed by Defendants as a landscaper, while performing other miscellaneous tasks, from in or around March 2004 until the present.

40. Plaintiff JUAN GONZALEZ worked approximately 78 (seventy-eight) hours per week for Defendants from in or around June 2014 until the present. However, Plaintiff did not usually work the months of January and February each year.

41. Plaintiff JUAN GONZALEZ was paid by Defendants approximately $18.00 per hour from in or around June 2014 until in or around December 2018, and approximately $25.00 per hour from in or around January 2019 until the present.

42. Although Plaintiff JUAN GONZALEZ worked approximately 78 (seventy-eight) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

43. Plaintiff, JUAN HIGINIO RAMIREZ has been employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC. from in or around March 2001 until in or around November 2019.

44. Plaintiff JUAN HIGINIO RAMIREZ has been employed by Defendants as a landscaper and nursery worker, while performing other miscellaneous tasks, from in or around June 2014 until in or around November 2019.

45. Plaintiff JUAN HIGINIO RAMIREZ has worked approximately 84 (eighty-four) hours per week for Defendants from in or around June 2014 until in or around November 2019.

46. Plaintiff JUAN HIGINIO RAMIREZ was paid by Defendants approximately $25.00 per hour from in or around June 2014 until in or around November 2019.

47. Although Plaintiff JUAN HIGINIO RAMIREZ worked approximately 84 (eighty-four) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

48. Plaintiff SANTOS GONZALEZ was employed by Defendants at JOHN M. LEUTHARDT LANDSCAPING, INC. from in or around June 2014 until in or around November 2019.

49. Plaintiff SANTOS GONZALEZ was employed by Defendants as a landscaper, snow remover and nursery worker, while performing other miscellaneous tasks, from in or around June 2014 until in or around November 2019.

50. Plaintiff SANTOS GONZALEZ worked approximately 78 (seventy-eight) hours or more per week for Defendants from in or around June 2014 until in or around November 2019.

51. Plaintiff SANTOS GONZALEZ was paid by Defendants approximately $ 18.00 per hour from in or around June 2014 until in or around December 2017, and approximately $23.00 per hour from in or around January 2018 until in or around November 2019.

52. Although Plaintiff SANTOS GONZALEZ worked approximately 78 (seventy-eight) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

53. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

54. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

55. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

57. Collective Class: All persons who are or have been employed by the Defendants as carpenters, concrete workers, or laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies,

programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

58. Upon information and belief, Defendants employed approximately 30 to 40 employees within the past three years subjected to similar payment structures.

59. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

60. Defendants' unlawful conduct has been widespread, repeated, and consistent.

61. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

62. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

63. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

64. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

65. The claims of Plaintiffs are typical of the claims of the putative class.

66. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

67. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

68. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

69. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

70. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

71. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

72. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

73. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

74. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

75. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

77. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

78. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

81. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

84. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

   b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Kew Gardens, New York
    This 30th day of June 2020.

By: _____
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE GONZALEZ, JOSE SARAVIA, JUAN GONZALEZ, JUAN HIGINIO RAMIREZ and
SANTOS GONZALEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

JOHN M. LEUTHARDT LANDSCAPING, INC. and JOHN LEUTHARDT, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

TO:

**JOHN M. LEUTHARDT LANDSCAPING, INC.**
**607 MONTAUK HIGHWAY**
**EAST MORICHES, NEW YORK 11940**

**JOHN M. LEUTHARDT**
**607 MONTAUK HIGHWAY**
**EAST MORICHES, NEW YORK 11940**